IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| ROBERT RAY YOUNG, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 08-0573-CV-W-HFS |
| ALLEN PATEL, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Defendants Amish "Allen" Patel and Deluxe Inn have filed a motion to dismiss this case for failure to state claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's opposition and defendants' reply are on file. For the reasons outlined below, the motion will be granted.

**I.     Background**

Plaintiff, proceeding pro se, filed a form civil complaint against defendants. ECF doc. 6. The complaint identifies Patel as the manager of Deluxe Inn, but otherwise contains little information. Plaintiff left the section titled "Statement of Claim" blank. Under the "Relief" section, he wrote, "Uphold justice be serve, and respect for the great law, our constitutional rights to be 100% serve." Compl. at 2. In response to the section asking about actual or punitive monetary damages, plaintiff wrote, "Pain and suffering. Taking advantage my medical illness. Placing me homeless hardship placing my life at great risk." Id.

Plaintiff filed an amended complaint (ECF doc. 3) before his motion to proceed in forma pauperis was ruled. It appears that defendants were only served with the original complaint. That said, the principal allegations of the amended complaint were ultimately reiterated in plaintiff's

opposition to the motion to dismiss and responded to in defendants' reply. Plaintiff's amended complaint contains cryptic, conclusory allegations about Equal Protection, the First Amendment and the Constitution. Plaintiff alleges that hotel manager Patel "disrespected the law" and stole his property, including his teeth (presumably dentures), medication, DVD player, laptop computer and mail. Amd. Compl. at 1-2. He alleges that he called the Independence Police Department (which is not named as a defendant) in an effort to recover his property.

## II.     Legal Standards

The purpose of a motion to dismiss is to test the legal sufficiency of the claims asserted. When ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must take the alleged facts as true and determine whether they are sufficient to raise more than a speculative right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The court does not, however, accept as true any allegation that is a legal conclusion. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that [plaintiff] is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)) and then Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Twombly, supra). Although detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. Twombly, 550 U.S. at 555. A complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Analysis**

At the outset, the court finds that it does not have federal jurisdiction over what may be a state-law tort claim that Patel took or kept certain personal property from plaintiff's hotel room. All parties are apparently from Missouri and the value of the property does not exceed $75,000, so diversity jurisdiction cannot be established. Thus, the court turns to what appear to be claims that defendants violated plaintiff's constitutional rights.

In seeking dismissal, defendants argue that if plaintiff is somehow deemed to have asserted a 42 U.S.C. § 1983 claim, such a claim must fail as a matter of law. Section 1983 requires a violation of a constitutional right or federal law by a state actor. Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001). "The state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments." Lugar v. Edmundson Oil Co., 457 U.S. 922, 936 (1982). "It is well settled that a private party may be held liable on a § 1983 claim if 'he is a willful participant in joint action with the State or its agents.'" Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993). To survive a motion to dismiss, "this circuit has held that a plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." Id.

Plaintiff's opposition to dismissal appears to try to advance constitutional claims against defendants under the First, Fourth, Fifth, Eighth and Fourteenth Amendments. However, at no point does plaintiff allege that defendants – both private parties – were participating in joint action with

3

any state actor, or had a mutual understanding or meeting of the minds with a state actor. As a result, any claims plaintiff may be asserting under § 1983 must be dismissed. Mershon, 994 F.2d at 451.

At another point in his opposition, plaintiff refers – for the first time – to violation of the Americans with Disabilities Act. The ADA was not mentioned in plaintiff's original or amended complaint. Even if the claim had been timely raised, plaintiff has failed to come forth with any factual allegations supporting such a claim against either defendant. The allegation of an ADA violation instead appears to be an unsupported legal conclusion. Thus, any claim for an ADA violation must be dismissed. Lastly, plaintiff's opposition appears to assert claims for invasion of privacy and breach of contract. Once again, these theories of recovery were not set out in either the original or amended complaint. To the extent plaintiff's privacy claim would constitute a constitutional claim under § 1983, it must be dismissed for the reasons stated above. Any breach of contract claim would be a state-law claim out of this court's reach because, as established above, the requirements for diversity jurisdiction have not been met.

In conclusion, plaintiff's claims for relief are not plausible because he has not pled factual content that allows the court to draw "a reasonable inference" that defendants are "liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Thus, defendants' motion to dismiss for failure to state a claim will be granted. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss (ECF doc. 16) is GRANTED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September __30__, 2010

Kansas City, Missouri

4